IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,328-04






EX PARTE RONALD JEFFREY PRIBLE, JR.








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 921126-B IN THE 351ST DISTRICT COURT


HARRIS COUNTY






 Per Curiam.



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5. (1)

 Applicant was convicted of capital murder in October 2002. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and
the trial court sentenced applicant to death. This Court affirmed applicant's conviction and
sentence on direct appeal. Prible v. State, 3 S.W.3d 522 (Tex. Crim. App. 1999)175 S.W.3d
724 (Tex. Crim. App. 2005). On November 19, 2004, applicant filed his initial
post-conviction application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Prible, No. WR-69,328-01 (Tex. Crim. App. June 18, 2008) (not designated
for publication). While his initial application was pending, applicant filed two subsequent
writ applications which were dismissed as an abuse of the writ. Ex parte Prible, Nos.
WR-69,328-02 and WR-69,328-03 (Tex. Crim. App. June 18, 2008) (not designated for
publication). Applicant then filed a federal petition for writ of habeas corpus. The federal
district court found that several claims in that petition were unexhausted, and stayed and
administratively closed the federal proceedings in order to allow applicant to seek state court
review of those claims. Prible v. Thaler, No. H-09-CV-1896 (S. D. Tex., April 30, 2010)
(not designated for publication).

 Applicant filed this subsequent application with the convicting court on September
8, 2010. In it, he raises five claims challenging his conviction and sentence. On December
15, 2010, we remanded this cause to the trial court. Specifically, we ordered the trial court
to provide applicant with an opportunity to show when and how he obtained the evidence at
issue and whether he exercised reasonable diligence to obtain this evidence at the earliest
opportunity. We ordered the trial court to determine whether any of applicant's claims
satisfy the requirements of Article 11.071, § 5. We further ordered that if the trial court
determined that any of the claims satisfy the requirements of Article 11.071, § 5, then the
court should proceed to address those claims on the merits.

 We have reviewed the application and the trial court's recommendations. We find
that the allegations fail to satisfy the requirements of Article 11.071, § 5(a). Accordingly,
the application is dismissed as an abuse of the writ. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 2ND DAY OF NOVEMBER, 2011.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.